ELIZABETH LAWRENCE *vs.* HICKS AND OTHERS.
*December,* 1836.

During the pendency of a bill in the Court of Chancery, the legislature by the act of 1835, ch. 339, authorized any of the parties to the cause, to have transmitted to the Court of Appeals a transcript of the chancery proceedings, for the purpose of taking the opinion of the appellate court—touching the validity of certain acts of assembly involved in the said chancery proceedings; and such other points, as the parties to the controversy might by agreement have submitted to the Superior Court with a provision that, the opinion of the latter in the premises should be certified to the Court of Chancery, and be binding in that court as to the law thereby decided.

Under this law, and before a decree had been passed by the chancellor, one of the parties brought the record up, when it was *held,* that the law was unconstitutional and void, and the appeal dismissed.

APPEAL from *Chancery.*

The bill in this cause was filed on the 22d June, 1827, by *Robert Hicks* and wife against *Elizabeth Lawrence* and many other persons. Before the cause was ready for the decree of the chancellor, the legislature passed in relation to this case, the act of 1835, ch. 339, entitled, an act for the relief of *John Reynolds* and others, of Washington county, and authorized among other matters any of the parties to the afore-

said case then depending in chancery " to cause a transcript to be made of the said bills, and the answers, and of all exhibits and proceedings heretofore filed, or had in the said cause, and of all exhibits that before transmission of the proceedings as hereinafter mentioned may be filed, and the register of the court of Chancery is required to transmit the said transcript to the court of Appeals, which court, at the first term to which said transcript shall be transmitted, shall upon said bills, answers, exhibits, and proceedings, adjudge and pronounce its opinion upon the validity of the acts of assembly, in a constitutional, or other point of view, passed to give effect to the several deeds mentioned in said bills, so far as any of the said acts shall upon argument before said court, be brought into question, or submitted for consideration touching their validity as aforesaid, and also upon any other points that may, by agreement between any of the plaintiffs and any of the defendants be submitted to the said court for decision ; and the decision and opinion of the said court of Appeals in the premises, shall be certified to the court of chancery, and be binding in that court, as to the law thereby decided."

The main object of the parties was to obtain an early decision of the appellate court on the constitutionality of the acts of 1781, ch. 3, and 1816, ch. 164.

By the constitution of the state of Maryland, act of 1804, ch. 55, sec. 5, it is declared " that there shall be a court of Appeals, and the same shall be composed of the chief judges of the several judicial districts of the state, which said court of Appeals shall hold, use, and exercise, all and singular, the powers, authorities, and jurisdictions heretofore held, used, and exercised by the court of Appeals of the state, and also the appellate jurisdiction heretofore used and exercised by the general court."

By the 56th article of the constitution of 1776, it was declared " that there be a court of Appeals, composed of persons of integrity and sound judgment in the law, whose judgment shall be final and conclusive in all cases of appeal

from the general court, court of chancery and court of admiralty.''

: At November term, 1836, no decree having then been passed by the chancellor, and the cause then depending in chancery, *Elizabeth Lawrence* under the act of 1835, chap. 339, brought a transcript of the record as it stood on the 27th November, 1836, into this court for the purpose of procuring the judgment of this court upon the constitutionality · of the acts aforementioned.

· The cause was coming on to be heard before BUCHANAN, Ch. J. STEPHEN, ARCHER, DORSEY, and CHAMBERS, Judges, when the court intimated an opinion that, before a decree was passed by the chancellor, an appeal would not lie, and the legislature could not constitutionally convert this court from a court of review, into one of original jurisdiction; when that preliminary question was argued by

JONES, for the appellant, and in support of the jurisdiction of the court to execute the act of 1835, ch. 339, *under which the appeal was taken.*

The question is as to the meaning in its largest sense of appellate jurisdiction. It is not confined to cases brought before the court upon appeal or writ of error. Appellate jurisdiction may be exercised in some other mode—an appellate court, to be sure, cannot exercise original jurisdiction, but it may supervise the inferior courts, in other modes, besides appeals or writs of error,—such as *mandamus* and *certiorari*. The term appeal *ex vi termini* does not require there should be a judgment to revise or error to correct. Original jurisdiction means the first moving of the proceeding, and that, this court cannot exercise; but it may when a cause has been instituted in another court take possession of it at any term and in any mode. He referred to the 2d sec. 3d art. constitution of the United States, to shew the difference between the courts of the *United States* and the courts of Maryland. The former courts are expressly confined to the conferred jurisdiction.

2. The next question is whether the legislature may not confer appellate and original jurisdiction on the same court. *56th art. constitution of Maryland.*

It might with the same propriety be said, that because a chancery court was established *eo nomine,* that common law powers could not be conferred on the chancellor, or that chancery jurisdiction could not be conferred on the courts of law.

There is not in the constitution of Maryland a definition of the powers of the court of Appeals. The quality of their judgments is defined, and they are declared conclusive, but not the extent of their jurisdiction. The giving them original jurisdiction does not make it the less a court of Appeals. *Constitution of* 1804, *ch.* 55, *sec.* 5. It might as well be said that courts of original jurisdiction could not exercise appellate, as that appellate courts could not exercise original jurisdiction—yet the former is frequently the case.

The act of 1832, ch. 197, speaks of the judges of the court of Appeals, and that designation has nothing to do with their character of chief judges of the different districts. The authority given by that act is given to the members of this court, *qua* judges of the court of Appeals, as much so as if the chief judges of the county courts and the judges of the court of Appeals were distinct persons. And how can it be said that a power can be given to one individual component part of a tribunal, and not to the whole tribunal; and yet the judges of this court separately have executed the act of 1832, ch. 197.

Upon the definition of the word appeal he referred to, *Tom. Law Dictionary,* 99. Appeal, 3 *Black. Com.* 38, 41, 53, 57, (*Arch'd Ed.*) *Ex parte, Watkins,* 7 *Peters,* 579.

R. Johnson, for the appellees, also insisted on the jurisdiction of the court.

The act of 1835, ch. 339, sec. 1, does not call on this court to decide a question of fact, but purely a question of law. It is the same thing as if the legislature had autho-

rized the court of chancery to send an issue of law to this court.

Whether a power may be exercised by either of the departments of the government depends not upon whether it has been granted but whether prohibited. If not prohibited it may be exerted. This is not the case under the constitution of the United States. There the grant of the power to one department takes it from any other. *Marbury vs. Madison,* 1 *Cranch,* 137, and consequently when original jurisdiction is given to the Supreme courts in certain cases, the power to give them jurisdiction in any other is taken away. And the grant of appellate power to the Supreme court deprives Congress of the power to take the appellate jurisdiction away. *Cohens vs. Virginia,* 6 *Wheat.* 264. Whenever, therefore, either appellate or original jurisdiction is given to the Supreme court it is exclusive.

The ground on which it is supposed the legislature have no right to give this court original jurisdiction is, the affirmative grant of appellate powers.

But if this be so, the legislature can neither enlarge nor take away the appellate jurisdiction of this court as it existed at the time of the adoption of the constitution—and yet this is constantly done.

2. But this is not calling on the court to exercise original jurisdiction, strictly so called. The act only authorizes this court to give its opinion in advance. In England the court of Chancery frequently sends issues of law to be decided by the courts there, who hold appellate powers over the court of chancery, and there can be no difference between such a proceeding and a law requiring this court to give its opinion in anticipation of the chancellor.

The 5th section of the amended article of the constitution gives this court the same jurisdiction as the old court of Appeals, and there are cases where that court has been called on to exercise the same power now before this court. *Resolution* 102 *of* 1793.

APPEAL DISMISSED.